FILED
U.S. DISTRICT COURT
          DIV.
2011 JUL -8 AM 9: 12

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER JOHNSON,

    Petitioner,

vs.                          CIVIL ACTION NO.: CV211-004

ANTHONY HAYNES, Warden, and
UNITED STATES OF AMERICA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Walter Johnson ("Johnson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Johnson filed a Traverse. For the reasons which follow, Johnson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 1998, Johnson was charged with conspiracy to possess with intent to distribute and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. United States v. Johnson, 323 F. App'x. 831 (11th Cir. 2009). He was convicted of all charges by a jury. Id. at 833. At sentencing, the court determined Johnson to be a career offender under the then-mandatory Sentencing Guidelines based on two qualifying offenses: carrying a concealed firearm and trafficking in cocaine. Id. Johnson's total offense level under the Sentencing Guidelines was 37, and his criminal history category was VI, resulting in a guideline

range of 360 months to life imprisonment. Id. The district court sentenced Johnson to 360 months' imprisonment. Johnson unsuccessfully appealed his conviction and sentence. United States v. Johnson, 254 F.3d 75 (11th Cir. 2001)(Table). He then filed a 28 U.S.C. § 2255 motion, which was denied. United States v. McClendon, et al., CR898-171 (M.D. Fla) (Doc. Nos. 200, 201, 208, 209). Johnson unsuccessfully appealed the denial of his § 2255 motion. Id. at Doc. Nos 212, 216. In 2008, the district court denied his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Id. at Doc. Nos. 223, 232. Johnson unsuccessfully appealed the denial of his § 3582(c)(2) motion. Johnson, 323 F. App'x. at 834.

In the instant action, Johnson alleges his prior conviction for carrying a concealed firearm should not count as a "crime of violence." He asserts he should no longer be sentenced as a career offender.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the requirements of § 2255(e)—the "savings clause." The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

"[T]he savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." Gilbert v. United States, 640 F.3d 1293, 1312 (11th Cir. 2011). "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320.

"[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Johnson is attacking his sentence—not his conviction. The savings clause does not apply to his claim, as the sentence imposed (360 months) was within the statutory maximum (life), and Johnson was not convicted of being a career offender.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Johnson's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE